## C. G. Goodwin, Appellant, v. Oregon Short Line Railroad Company, Appellee.

### Gen. No. 20,256.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed January 25, 1915.

### Statement of the Case.

Action of the first class by C. G. Goodwin against Oregon Short Line Railroad Company for damages by failure to furnish stock cars at a specified place and time.

Plaintiff's evidence showed that he requested defendant's local station agent to have a certain number

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of stock cars delivered at a certain station on a speci-
fied day; that the agent told him to call again at a
later date in reference thereto; that on his inquiring
on the later date, the agent postponed his answer to
the following day; that on his third inquiry, the agent
informed him the cars would be furnished as request-
ed, stating that he had received a telegram from the
defendant's "dispatcher" at another point to that
effect; that the cars were not furnished until eighteen
days after the date set.

The evidence showed that the station at which the
cars were to be delivered was not on defendant's line
nor at a junction point with its line and that the "dis-
patcher's" station was not at a junction of its line
with the line on which the delivery station was located.

On an instructed verdict of the jury, the defendant
obtained a judgment of *nil capiat* and costs. From
this judgment, plaintiff appeals.

CHARLES A. BUTLER, for appellant; FRANKLIN RABER,
of counsel.

JOHN A. SHEEAN, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion
of the court.

## Abstract of the Decision.

1. CARRIERS, § 222*—*when station agent not authorized to bind
carrier to furnish cars on another line.* A local station agent has
no implied, presumptive, apparent or incidental authority to make
a contract binding the carrier to furnish cars at a station on a
foreign road at a certain date for the shipment of live stock.

2. CARRIERS, § 247*—*when burden not on carrier to show ship-
per's knowledge of agent's lack of authority.* In an action to re-
cover damages caused by the failure of a carrier to furnish stock
cars at a point on another line on a certain day, as its station agent

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

had agreed to do, the burden is not on the carrier to show that the shipper knew that the agent had no authority to make such an agreement, there being no evidence that the agent had either express or implied authority to do so.

3. CARRIERS, § 248*—*when evidence as to agent's authority inadmissible.* In an action against a carrier for damages caused by its failure to furnish stock cars at a point on another line on a certain day, pursuant to an alleged agreement of its local station agent, it is not error to refuse to permit the jury to consider on the question of the agent's authority evidence of the statement by the agent that he had received a telegram from the carrier's "dispatcher" at a certain station, not a junction point with the foreign line, that the cars would be at the agreed station on a certain day, there being no evidence that the dispatcher's authority to make such an agreement was any greater that that of the agent.

4. CARRIERS, § 248*—*when evidence insufficient to show ratification of agent's promise to furnish cars.* In an action against a carrier for damages caused by its failure to furnish stock cars at a point on another line, on a certain day, as its local station agent had agreed it would do, the fact that cars were furnished at the point on the foreign line eighteen days later is not evidence of ratification of the agent's agreement, where the evidence shows that the cars so furnished were delivered by the carrier to the foreign road at a junction point and thereafter the distribution was controlled by such foreign road.

5. APPEAL AND ERROR, § 1466*—*when rejection of evidence not reversible error.* In an action against a carrier for damages caused by its failure to furnish stock cars on a certain day at a point on a foreign line, in violation of an agreement made by a local station agent, it is not reversible error to refuse to allow or compel the carrier's assistant general freight agent to answer questions as to the orders to the station agent at another station for the placing of cars on another road, where the answers to similar previous questions did not sustain plaintiff's case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.